John A. Kithas (State Bar No. 64284)
Chris D. Land (State Bar No. 238261)
LAW OFFICES OF JOHN A. KITHAS
One Embarcadero Center, Suite 1020
San Francisco, California 94111-3600
Telephone: 415-788-8100
Facsimile: 415-788-8001

Attorneys for Defendant
Sampo Corporation

FILED – WESTERN DIVISION
CLERK, U.S. DISTRICT COURT
FEB 11 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VIEWSONIC CORPORATION,

    Plaintiff,

v.

SAMPO TECHNOLOGY CORPORATION
and SAMPO CORPORATION,

    Defendants.

Case No. CV08-03244 PSG (AGRx)

**STIPULATION AND ORDER FOR PROTECTIVE ORDER**

## STIPULATION

The parties to this action hereby agree as follows:

1. Certain information that has been or may be disclosed in connection with this action may constitute confidential information. The parties may suffer financial and other hardships if such information is publicly disclosed and/or disclosed between the parties unrestrained. Accordingly, a protective order is warranted to prevent unauthorized and/or unrestrained disclosure of such information.

2. "Confidential Information" as used herein refers to any information that is conveyed by any party or non-party in connection with this action that a party or non-party claims, in good faith, constitutes confidential, private, or proprietary information, including, but not limited to, currently

STIPULATION AND ORDER FOR PROTECTIVE ORDER    Page - 1 -

1  competitive trade secrets, confidential technical information, technical practices, methods, or other
2  know-how, minutes of Board meetings, shareholder information, pricing data, cost data, financial
3  data, sales information, components information, vendor identity, vendor-confidential information,
4  customer-confidential information, agreements or relationships with non-parties or among parties,
5  market projections or forecasts, strategic business plans, selling or marketing strategies or new
6  product development, testing, manufacturing costs or information about employees. Confidential
7  Information includes:
8  a.   Information set forth in response to discovery requests, provided that prior to disclosure to
9  the receiving party through its counsel, the responses are marked by the conveying party with one of
10 the following legends or markings:

**CONFIDENTIAL**

or

**CONFIDENTIAL ATTORNEYS' EYES ONLY**

or similar legend or marking agreed upon by the parties clearly indicating whether the conveying party intends that the material is to be viewed only by attorneys and experts for the receiving party or by other designated individuals as provided herein;

b.   Information set forth in documents produced in response to a request for production, provided that prior to or at the time of production to the receiving party through its counsel, the conveying party designates such documents as Confidential Information or marks copies of such documents with a legend as set forth in subparagraph a above;

A conveying party who produces documents from its files for inspection and selection for copying by a receiving party through its counsel may require that, during the course of production, such documents only be reviewed by persons authorized to receive Confidential Information

pursuant to Paragraphs 4 or 5 of this Stipulation, and any copies, reproductions, summaries, excerpts, compilations, notes, or information obtained or generated by such reviewers during the course of production shall be treated as Confidential Information designated for access only as contemplated by Paragraphs 4 or 5;

c. Information disclosed during depositions, provided that counsel, the witness, or the party whose Confidential Information is to be or was disclosed, states on the record at the deposition what is to be treated as Confidential Information. Alternatively, a party or non-party may designate such Confidential Information in writing within thirty (30) days after the completion of the transcript of such deposition (as certified by the court reporter). After any such written designation, counsel for all the parties shall be responsible for marking the designated material in all previously unmarked copies of transcripts with a legend as set forth in subparagraph a above. Prior to the expiration of such thirty (30) day period, all information disclosed during a deposition shall constitute Confidential Information, unless otherwise agreed by the parties and the witness, or ordered by the Court;

d. Any other information conveyed by the conveying party to the receiving party directly or through its counsel that the conveying party claims in good faith to be Confidential Information provided that, prior to disclosure to the receiving party through its counsel, the information, if in written or other tangible form, is marked by the conveying party with one of the legends set forth in subparagraph a above, and, if in oral or other intangible form, is identified as Confidential Information and, if practical, within thirty (30) days after disclosure is reduced to written form which bears one of the notices set forth above;

e. Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in subsections a through d, inclusive, above.

3. If any information that a conveying party claims in good faith is Confidential Information is inadvertently disclosed to a receiving party without being properly designated as Confidential Information, the conveying party may notify each receiving party that such Confidential Information inadvertently was not so designated, provided the conveying party gives such notice in writing

within thirty (30) days after becoming aware that the Confidential Information was not properly designated. Such written notice shall identify with specificity the information or documents the conveying party is then designating to be Confidential Information. If the conveying party gives such written notice as provided above, its claims of confidentiality shall not be deemed to have been waived by its failure to designate properly the information as Confidential Information prior to disclosure. Upon receipt of written notice as provided for herein, the receiving party shall mark the original and all known copies of the documents with the proper designation. In addition, the receiving party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons entitled to receive Confidential Information under the terms set forth herein.

4. Confidential Information may be designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" only if the conveying party reasonably and in good faith believes that such Confidential Information is so highly sensitive that its disclosure other than as provided for in this Paragraph could result in imminent and substantial harm to the conveying party. Confidential Information designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be deemed to require the highest degree of confidentiality and may be disclosed only to (i) outside attorneys for the parties, and their respective employees or independent contractors; (ii) copy, scanning or similar services retained by counsel for the parties for the preparation of this action; and (iii) outside experts or consultants retained for the purposes of this litigation provided that review of such Confidential Information designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" is necessary for such expert or consultant to render his or her opinion and provided that such expert or consultant is not a competitor of the conveying party or an employee of a competitor of the conveying party.

5. Confidential Information designated "CONFIDENTIAL" may be disclosed subject to all the provisions and restrictions employed with respect to materials and information-designated "CONFIDENTIAL ATTORNEYS' EYES ONLY," except that the Confidential Information designated "CONFIDENTIAL" may also be disclosed to parties and their employees, non-party witnesses, and experts or consultants of a party, to the extent deemed necessary by counsel for the

prosecution or defense of this litigation.

6. Before a receiving party discloses a conveying party's Confidential Information to any expert or consultant or non-party witness, the expert or consultant or non-party witness must certify that he or she has read this Stipulation and manifest his or her assent to be bound thereby by signing a copy of the "Certification," the form of which is attached hereto as Exhibit "A". Once a person has executed such a "Certification," it shall not be necessary for that person to sign a separate "Certification" each time that person is subsequently given access to Confidential Information. Each "Certification" executed by an expert or consultant or non-party witness shall be retained by counsel for the receiving party, and need not be produced to the conveying party except as necessary in the case of a dispute concerning a violation of this Stipulation. Non-party witnesses who are shown Confidential Information shall not be allowed to retain copies of the Confidential Information.

7. Nothing herein shall prohibit a party, or its counsel, from disclosing a document designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" to the author or recipient of such document, or to a person who is a current executive officer or director of the same company as the author or recipient, or who served as an executive officer or director of that company at the time the document was authored.

8. Confidential Information shall be used only by persons permitted access to it pursuant to Paragraphs 4 and 5; shall be used only for the purpose of this action; and shall not be disclosed to persons other than those permitted access pursuant to Paragraphs 4, 5, and 7.

9. Each individual who receives any Confidential Information hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Stipulation. The recipient of any Confidential Information that is protected under this Stipulation shall maintain such information in a secure and safe area and shall use best efforts to maintain the confidentiality of such information.

10. No person shall attend portions of depositions during which Confidential Information is disclosed unless such person is an authorized recipient of Confidential Information under the terms of this Stipulation. If, during the course of a deposition, the response to a question would require the

disclosure of Confidential Information, the witness may refuse to answer or the party whose Confidential Information would be disclosed may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room.

11. Any court reporter or videographer who transcribes or videotapes testimony in this action at a deposition shall be required to agree, before transcribing or videotaping any such testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Stipulation, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court.

12. A party filing a document or thing with the Court that contains Confidential Information, including without limitation any brief or memorandum, must file such document or thing with the Clerk of the Court pursuant to the Local Rules governing filing documents under seal.

13. [Paragraph 13 intentionally omitted]

14. A person with custody of Confidential Information shall maintain it in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with the provisions of this Stipulation.

15. Notwithstanding any other provision of this Stipulation and the anticipated Confidentiality Order to the contrary, the confidentiality obligations of this Stipulation shall not apply, or shall cease to apply, to any information that:

a. At the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or

b. At the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving party, a public document or publicly available, or

STIPULATION AND ORDER FOR PROTECTIVE ORDER                                    Page - 6 -

1  c.  Any Confidential Information that is knowingly produced or disclosed with the written consent of the conveying party.

16. Nothing in the provisions of this Stipulation shall prevent a conveying party from using its own Confidential Information in any manner such conveying party desires, or disclosing the same to any party or to the public.

17. Nothing in the provisions of this Stipulation shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate. Further, any party who reasonably disputes the designation of any information as "Confidential Information" pursuant to this Stipulation may challenge that designation at any time after receiving notice of the designation.

The parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. In the event that informal resolution is not achieved, any party wishing to challenge the protection or designation pursuant to this Stipulation may file a motion with the Court. In the event a motion is timely filed pursuant to this paragraph, the Confidential Information in question shall remain subject to this Stipulation until the Court rules on the motion.

18. All provisions of this Stipulation restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, including all appeals, unless otherwise agreed or ordered. At the conclusion of the litigation, including all appeals, any document or thing, other than attorney work product, which contains Confidential Information of a party and all copies made thereof, including any copies provided to any other persons, shall within 60 days be returned to the conveying party from whom it was obtained or destroyed. If a party destroys rather than returns, Confidential Information, that party shall certify in writing that such documents have been destroyed, and serve such certification on all parties within 60 days of the termination of this litigation. At the conclusion of this litigation, including all appeals, counsel for the parties shall maintain the confidentiality as specified in this Stipulation of all work product materials containing Confidential Information, and shall not use Confidential Information for any

other purpose.

19. In the event any person or party having possession, custody or control of any Confidential Information receives a subpoena or other process or order to produce such information, such person or party shall promptly notify the attorneys of record of the conveying party or nonparty claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys, parties or nonparties with a copy of said subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the party or nonparty whose interests may be affected. The party or nonparty asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall, once sufficient notice to all interested parties and a reasonable opportunity (but in no case less than five (5) days after notice) to object has been given, be entitled to comply with it except to the extent the party or nonparty asserting the confidential treatment has filed for or succeeded in obtaining an order modifying or quashing the subpoena.

20. This Stipulation shall be without prejudice to the right of any party to oppose production of any information on any ground allowed under the Federal Rules of Civil Procedure.

21. Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party that the producing party or non-party later claims should have been withheld on grounds of a privilege, including without limitation the attorney-client privilege and the work product doctrine (collectively referred to hereafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within five (5) business days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information solely derived from the Inadvertently Produced

Privileged Document. After a document is destroyed or returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document, provided waiver of the alleged privilege or doctrine by the inadvertent disclosure is not the basis of the motion.

22. Any violation of the terms of this Stipulation may result in the imposition of such relief as the Court deems appropriate, including specific performance and injunctive relief. The Court shall retain jurisdiction to enforce this Stipulation beyond the conclusion of this litigation, including personal jurisdiction over all persons subject to this Stipulation.

23. This Stipulation shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

24. This Stipulation may be executed in counterparts.

DATED: February 9th, 2010

LAW OFFICES OF JOHN A. KITHAS
Attorneys for Defendant Sampo Corporation

By _____
John A. Kithas

DATED: February 8th, 2010

ZARIAN MIDGLEY & JOHNSON PLLC
Attorneys for Plaintiff ViewSonic Corporation

By _____
John N. Zarian

GOOD CAUSE APPEARING, IT IS SO ORDERED.

DATED: Feb. 11, 2010

_____
Honorable Alicia G. Rosenberg
Magistrate Judge

# EXHIBIT "A"

## CERTIFICATION

I, _____ [print or type name], hereby certify that I have read the "Stipulation and [Proposed] Protective Order" in the action entitled *ViewSonic Corporation* v. *Sampo Technology Corporation and Sampo Corporation* prior to receiving any Confidential Information as defined therein, that I understand the terms and effect of that Order, and that I agree to be bound thereby. I further agree to submit to the jurisdiction of the United States District Court, Central District of California, in connection with that order.

I understand that all Confidential Information, as defined in the Order, including, but not limited to any copies thereof or notes or other transcriptions made therefrom, shall be maintained in a secure manner and shall be returned no later than 60 days after the termination of this action to the counsel for the party or other person who provided such Confidential Information.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this \_\_ day of _____, at _____.

_____